**Norah Aguirre Gonzales de PEREZ and Ligia Vanesa Perez Aguirre, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–72375.

United States Court of Appeals, Ninth Circuit.

Submitted March 15, 2004.[*]

Decided March 24, 2004.

Catalino Y. Dumlao, III, John R. Alcorn, Esq., Law Offices of John R. Alcorn, Irvine, CA, for Petitioners.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

District Counsel, Department of Homeland Security, San Francisco, CA, Deborah N. Misir, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before B. FLETCHER, LEAVY and WARDLAW, Circuit Judges.

## MEMORANDUM **

Norah Aguirre Gonzales de Perez and her daughter Ligia Vanesa Perez Aguirre, natives and citizens of Bolivia, petition for review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal from the immigration judge's denial of their request for suspension of deportation. Because the transitional rules apply, see *Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review constitutional challenges de novo, *Ram v. INS,* 243 F.3d 510, 517 (9th Cir. 2001), and deny the petition.

Petitioners concede that they did not accrue seven years of continuous physical presence before the government served them with an Order to Show Cause, and that they are ineligible for suspension of deportation under the Illegal Immigration Reform and Immigrant Responsibility Act's stop-time rule. Their challenge to the retroactive application of the Act to their case is foreclosed by *Ram,* 243 F.3d at 518 (rejecting constitutional challenge to application of the stop-time rule).

### PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).